IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| BOBBY KNIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 13-809 |
| | ) (Judge Block) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

Defendant, the United States, pursuant to Rules 12 and 83.1(a) (3) of the Rules of this Court (RCFC), respectfully requests the Court to dismiss the complaint because plaintiff, Bobby Knight, a *pro se* plaintiff, seeks to represent a non-profit corporation in this action.[1]

The complaint in this case, filed with the Court on October 17, 2013, identifies Mr. Knight as the plaintiff. Mr. Knight asserts that he is an unpaid volunteer for the North Charleston Community Interfaith Shelter (NCCIS), a non-profit corporation organized under the laws of the State of South Carolina. Compl. ¶ 4. The NCCIS was the recipient of two Federal grants from the Department of Veterans Affairs (DVA). Compl. ¶ 6 (Grant #08-873-SC); Compl. ¶ 53 (Grant #97-45-SC). The purpose of the grants was to assist homeless veterans with housing, rehabilitative services, and vocational counseling and training, among other things. Compl. 10, n.5; *see also* 38 C.F.R. § 61.10, "Capital grants - general." Mr. Knight alleges that the DVA wrongly

---

[1] The United States is filing this motion in lieu of an answer to plaintiff's complaint. In the event the Court denies this motion, defendant requests that the Court permit the Government to file a response to plaintiff's complaint within 60 days after such a denial. For purposes of this motion only, the United States accepts as true the factual allegations set forth in plaintiff's complaint. However, in the event that this motion is denied, defendant reserves the right to contest each and every factual allegation in the complaint. Citations to plaintiff's complaint will be indicated as "Compl. ."

"withheld VA capital shares of matching federal funds [from the NCCIS] for certain 65% of payment applications, or which, each application has been timely and correctly delivered for payment to the VA Transitional Housing Program in Tampa Florida . . . ." Compl. ¶ 4. He also states that "the VA has not paid for the services, the labor and the materials that it has received before the VA abandoned the project on November 16, 2011." Compl. ¶ 70. The complaint seeks $665,000.00 from the United States. Compl. ¶ 89.

Rule 83.1(a)(3) of the RCFC provides that "[a]n individual who is not at attorney may represent oneself or a member of one's immediate family, **but may not represent a corporation, an entity**, or any other person **in any proceeding before this court**. The terms counsel, attorney, and attorney of record include such individuals appearing *pro se*." *Id.* (emphasis added). NCCIS, a non-profit corporation that Mr. Knight seeks to represent, is indisputably "a corporation, an entity, or any other person" within the meaning of Rule 83.1(a)(3). Accordingly, NCCIS must be represented by counsel in order to pursue its claims against the United States in this Court. *Talasila, Inc. v. United States*, 240 F.3d 1064 (Fed. Cir. 2001); *Sermor*, 13 Cl. Ct. at 11-12; *see also Advanced Systems Tech., Inc. v. United States*, 69 Fed. Cl. 355, 358 (2006); *Curtis v. United States*, 63 Fed. Cl. 172, 181 (2004) (directing plaintiff to obtain counsel who is a member of the bar of the Court). NCCIS's status as a non-profit corporation does not change the requirement for counsel. *See Int. Institute for Fundamental Studies, Inc. v. United States*, 222 Ct. Cl. 626 (1980) (rule that corporations and other legal entities must be represented by counsel applies to non-profit corporations).

This Court, like all courts established by acts of Congress, possesses the authority

to "prescribe rules for the conduct of [its] business," as long as the rules prescribed are consistent with Federal statute and the rules of practice and procedure established by the United States Supreme Court. 28 U.S.C. § 2071 (1982). Accordingly, the Court has promulgated the Rules of the United States Court of Federal Claims, governing all actions filed in this Court.

In *Sermor, Inc. v. United States*, 13 Cl. Ct. 1 (1987), this Court explained its rule that corporations and other legal entities must be represented by counsel, rather than by an individual appearing *pro se*:

> Unlike individuals, corporations are artificial entities created by the law, which cannot appear personally in an action, but must make appearances through agents. The rule is well settled that corporate agents who appear on the behalf of corporations in federal courts must be attorneys and not directors, officers or shareholders of the corporation. *Osborn v. President, Directors, and Company of the Bank of the United States*, 22 U.S. 738 (1824); * * * *Richdel, Inc. v. Sunspool Corp.*, 699 F.2d 1366 (Fed. Cir. 1983) ("Although a corporation is suffering from financial difficulties, the president of the corporation, who is not an attorney, cannot represent the corporation in order to save on legal fees) . . . .

*Id.* at 11-12. Indeed, it has been the law for approximately two centuries "that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993). Thus, even in cases of financial hardship, the Court is not free to waive this rule. *Finast Metal Prods., Inc. v. United States*, 12 Cl. Ct. 759, 762 (1987) (citing *Richdel*) (interpreting a similar rule in the Federal Circuit Court of Appeals).

For the foregoing reasons, we respectfully request that the Court grant our motion and dismiss the complaint. We express no position on the merits of the complaint, or on

whether the Court possesses jurisdiction, or on whether a properly represented plaintiff could make claims upon which relief could be granted.

                    Respectfully submitted,

                    STUART F. DELERY
                    Assistant Attorney General

                    BRYANT G. SNEE
                    Acting Director

                    */s/ Claudia Burke*
                    CLAUDIA BURKE
                    Assistant Director

                    */s/ Lauren S. Moore*

| OF COUNSEL: | LAUREN S. MOORE |
| --- | --- |
|  | Attorney |
| JENNIFER GRAY | Commercial Litigation Branch |
| Staff Attorney | Civil Division |
| Office of General Counsel | Department of Justice |
| Department of Veterans Affairs | P.O. Box 480 |
|  | Ben Franklin Station |
|  | Washington, D.C. 20044 |
|  | Tele: (202) 616-0333 |
|  | Fax: (202) 514-8640 |
|  |  |
|  | Attorneys for Defendant |

January 14, 2014

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 14th day of January 2014, I caused to be placed in the United States mail (first-class, postage prepaid), copies of a "DEFENDANT'S MOTION TO DISMISS THE COMPLAINT" addressed as follows:

Bobby Knight
3940 Hottinger Avenue
North Charleston, SC 29405

*Dawn A. Pettaway*